IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAN WORLD BRANDS LIMITED, | ) |
| | ) |
| | ) **REDACTED PUBLIC VERSION** |
| Plaintiff, | ) |
| | ) C.A. No. 05-724-KAJ |
| v. | ) |
| | ) |
| | ) |
| CATERPILLAR, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Pan World Brands Limited, for its Complaint against Defendant Caterpillar, Inc., alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of the cause of action for Declaratory Judgment of License Rights alleged herein pursuant to 28 U.S.C. §§ 2201 and 2202.

2. This Court has jurisdiction over the subject matter of the cause of action for Breach of Contract pursuant to 28 U.S.C. §§ 1332(a) and 1367 and principles of pendent jurisdiction.

3. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(a) and (b) because Defendant resides and/or conducts business in this judicial district.

5.   This Court has personal jurisdiction over Defendant pursuant to Delaware Statutes 8 Del. C. § 321 and 10 Del. C. § 3111.

## THE PARTIES

6.   Plaintiff Pan World Brands, Limited ("Pan World"), is a company incorporated under the laws of England and Wales, with its principal place of business at 319 Ordsall Lane, Salford, Manchester, M5 3FT, England.

7.   Pan World is an importer, exporter, and distributor of clothing apparel and accessories, and operates as a Caterpillar licensee and designs, arranges manufacture of, imports, exports and distributes Caterpillar branded clothing.

**REDACTED**

8.   Upon information and belief, Caterpillar, Inc. is a company incorporated under the laws of the State of Delaware, and maintains a registered office at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

9.   Upon information and belief, Caterpillar is a company that designs, manufactures, markets and sells construction, mining, and forestry machinery. Upon information and belief, Caterpillar licenses its Trademarks for use on various types of merchandise.

## FACTS

10.   Plaintiff repeats and realleges Paragraphs 1 through 9, inclusive, as though fully set forth herein and incorporates them by reference.

11.   Pan World has an established business of selling branded apparel to worldwide markets. It has been operating over sixteen years (individuals involved in Pan World have been operating in this business for thirty years),

**REDACTED**

**REDACTED**

12.     Pan World and Caterpillar are parties to two Trademark Merchandise License Agreements: the November 19, 2002 Agreement between U.C.C.L International Limited (n/k/a Pan World Brands Limited) and Caterpillar, as amended (the "2002 Agreement"), and the March 24, 2004 agreement between Pan Worlds Brands Limited and Caterpillar, as amended (the "2004 Agreement")(together the "License Agreements"). Caterpillar, as drafter of the License Agreements, has claimed copyrights in and to the License Agreements.

13.     Upon information and belief, Caterpillar is the owner of the various Trademarks identified in Attachment B to each of the License Agreements and the amendments thereto, specifically: CAT DIESEL POWER (word mark and design mark), CATERPILLAR (word mark and design mark), CAT (word mark and design mark), Caterpillar Licensed Merchandise Logo, CAT MARINE POWER (design mark), The CAT Rental Store (design mark), CAT CHOPPER (word mark) and the likeness of a CAT Chopper bike (design mark) (collectively the "Caterpillar Trademarks").

14.     Pursuant to Section 1.6 of the License Agreements, "Licensed Right(s)" is defined as "the trademarks and service marks listed and referenced on Attachment B entitled Trademarks and Service Marks, all copyrights related thereto, and all other rights in the names, characters, symbols, designs, likenesses and visual representations thereof."

15.     Pursuant to Section 1.8 of the License Agreements, "Licensed Article(s) is defined as "any (all) article(s) of merchandise listed on attached Attachment A and having a Licensed Right used upon or in connection therewith."

16. Section 2.1 of the 2002 Agreement grants Pan World an exclusive license in relation to the Caterpillar Trademarks for wearing apparel (except hats, gloves, bags and belts), and a non-exclusive license for headwear, umbrellas and gloves, neckwear and socks for ultimate sale in the UK, Europe, Middle East and Africa in Retail Distribution channels. Footwear was specifically excluded from the 2002 Agreement.

17. The 2002 Agreement has been amended nine times to incorporate additional Trademarks and territories, including Hong Kong, Macau, China, Singapore, Malaysia, Thailand, the Philippines, Indonesia, Australia, New Zealand, Japan, Korea, India, Taiwan, Chile, Peru, Mexico, Panama, Columbia, Ecuador and the Caribbean.

18. Section 2.1 of the 2004 Agreement grants Pan World the same license to the same Caterpillar Trademarks on the same terms for the same products in Canada and the United States. The 2004 Agreement has been amended three times.

19. Based upon the success of the 2002 License, **REDACTED** for the sale and promotion of licensed Caterpillar products, each on similar terms.

**REDACTED**

for the manufacturing of licensed Caterpillar products.

20.

**REDACTED**

21. The License Agreements do not provide Caterpillar with the right to dictate or control to which retailers and distributors Pan World sells or which channels of distribution are employed by Pan World's distributors.

22.

**REDACTED**

23. **REDACTED**

Caterpillar prominently featured Pan World in its licensing releases,

**REDACTED**

24. More recently, however,

**REDACTED**

25. Similarly, on or about August 26, 2005 and August 30, 2005,

**REDACTED**

26. On or about August 30, 2005,

**REDACTED**

27. Pan World has submitted over 3,000 approval applications since the licensing arrangements commenced in 2002, and have created between 1,000 and 1,250 different designs of clothing. Pan World's designers work up to 18 months in advance of product reaching the stores and during this period the designers research the market, spot future trends and go on field trips to develop concepts. Throughout the development stage, Caterpillar is informed of the proposed fabrics, washes, colors of the goods as well as the proposed application of all Caterpillar Trademarks before Pan World submits a pre-production sample to Caterpillar. On information and belief, Caterpillar has never refused approval on the grounds of the quality, style or color of the product. The only changes which Caterpillar has suggested through the course of conduct between the parties, and the only times approval has not been given for a particular item, have been related to the use of the Caterpillar Trademarks themselves, and not

the nature of the goods. While Pan World submits a production sample for approval, because of Caterpillar's approval procedures, and the advanced stage of the product by the time it has reached post-production, Caterpillar has historically only used the post-production approval procedure to assess the application of the Caterpillar Trademarks themselves, and very often production approval is given by Caterpillar at the same time as pre-production approval.

28. Pursuant to the parties' course of conduct, the approval process has been conducted electronically over a web site hosted by Caterpillar, with samples sent by courier. The approval requests were submitted electronically, and Pan Worlds determined the approval status by checking the web site. **REDACTED**

29. On October 5, 2005,

**REDACTED**

30. **REDACTED** were either authorized pursuant to the procedure listed in Section 5 of the License Agreements, or were authorized pursuant to the prior course of conduct between the parties relating to approvals, and Pan World was not involved in the production, manufacture or distribution of the footwear.

**REDACTED**

31.

**REDACTED**

7

32.     **REDACTED**

## COUNT I

### (Breach of Contract)

33.     Plaintiff repeats and realleges Paragraphs 1 through 33, inclusive, as though fully set forth herein and incorporates them by reference.

34.     Pan World and Caterpillar are parties to the 2002 Agreement and the 2004 Agreement, as amended.

35.     On or about August 26, 2005 and August 30, 2005,

**REDACTED**

36.     On or about August 30, 2005 and September 27, 2005,

**REDACTED**

37.     On information and belief,         **REDACTED**

neither the License Agreements nor the prior course of conduct between the parties provided or established a precedent for such a requirement. The License Agreements do not contain any provisions that provide Caterpillar with the authority to dictate which retail outlets through which Pan World was allowed to sell its

merchandise. Caterpillar's assertions to the contrary constitute a breach of its contractual duties and a breach of its implied duty of good faith and fair dealing.

38.    Caterpillar's unreasonable demands constitute a breach of the License Agreements and a concomitant breach of the implied duty of good faith and fair dealing.

39.    Pan World has and will continue to suffer irreparable injury based upon Caterpillar's breaches,

**REDACTED**

40.    On information and belief, in or about September 2005,

**REDACTED**

41.    On or about October 5, 2005,

**REDACTED**

42.    **REDACTED**

were either specifically authorized as required by the License Agreements or were authorized through the prior course of conduct between the parties relating to approvals. Pan

9

World was not involved in the production, manufacture or distribution of the footwear

**REDACTED**

43.       **REDACTED**

44.       Pan World has and will continue to suffer injury based upon Caterpillar's breaches.

**REDACTED**

## COUNT II

### (Declaratory Judgment of License Rights)

45.       Plaintiff Pan World repeats and realleges Paragraphs 1 through 47, inclusive, as though fully set forth herein and incorporates them by reference.

46.       Upon information and belief, Caterpillar is the owner of the Caterpillar Trademarks.

47.       The Pan World U.K. Customers purchased merchandise bearing the Caterpillar Trademarks which was designed, manufactured and sold by Pan World pursuant to the license grant of the 2002 Agreement.

48.       On or about August 26, 2005 and August 30, 2005,

**REDACTED**

10

49. The terms of the 2002 Agreement do not provide Caterpillar with the power to limit the customers to which Pan World can sell the licensed merchandise, and Pan World does not have to seek approval of each customer before selling Licensed Articles to that Customer.

50. On or about August 1, 2005, Caterpillar informed Pan World that

**REDACTED**

51. The terms of the 2004 Agreement do not provide Caterpillar with the power to limit the customers to which Pan World can sell the licensed merchandise, and Pan World does not have to seek approval of each customer before selling Licensed Articles to that Customer.

52. In the course of business between the parties, Caterpillar never required Pan World to seek approval of a customer before selling Licensed Articles to that customer.

53. As set forth herein, a real and actual controversy exists between Caterpillar and Plaintiffs with respect to the license rights granted under the License Agreements.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

A. That Defendant is liable for breach of both the 2002 Agreement and the 2004 Agreement;

B. An award to Plaintiff of compensatory damages in an amount yet to be determined in order to compensate Plaintiff for the losses and damages resulting from the breach of contract by Caterpillar;

C. A declaration that Plaintiff is licensed to sell Licensed Articles and does not have to seek approval of each customer before selling Licensed Articles to that customer; and

D.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pan World requests that all issues triable by a jury be so tried in this case.

ASHBY & GEDDES

*/s/ Steven J. Balick*
Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
222 Delaware Avenue
17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Pan World Brands Limited*

*Of Counsel:*

Joel E. Lutzker
Benjamin Levi
Jason Marin
Kregg Brooks
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Phone: (212) 756-2000

Dated: October 12, 2005
162261.1

12